

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 9 2010

JAMES W. McCORMACK, CLERK
By: _____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EVANGELINA FULKS, Administratrix of the
ESTATE OF JULIA FULKS,

    Plaintiff,

Vs.

UNION PACIFIC RAILROAD COMPANY,
CSX CORPORATION,

    Defendants.

No. 3:10CV00310-JLH
JURY DEMAND

This case assigned to District Judge **Holmes**
and to Magistrate Judge **Young**

## COMPLAINT

    Comes now your Plaintiff, Evangelina Fulks, mother and as Administratrix of the Estate of Julia Fulks, deceased, a single person, by counsel, and for her Complaint against the Defendants, Union Pacific Railroad Company (UP) and CSX Corporation (CSX), states:

    1.    That Plaintiff, Evangelina Fulks, is an adult resident citizen of Batesville, Arkansas; that Plaintiff's decedent, Julia Fulks, the daughter of Plaintiff, was also an adult resident citizen of Batesville, Independence County, Arkansas; that Plaintiff, Evangelina Fulks, was appointed Administratrix of the Estate of Julia Fulks by the Craighead County, Arkansas Probate Court in Cause No. PR-2010-342 (LB) on September 30, 2010. Letters of Administration are attached as Exhibit A.

    2.    That Union Pacific Railroad Company is a Delaware corporation authorized to do business in Arkansas, whose agent for service of process in Arkansas is The Corporation Company, 124 West Capitol, Suite 1900, Little Rock, AR 72201; that Defendant, CSX

Corporation is a Florida corporation authorized to do business in Arkansas, whose agent for service of process is Corporation Services Company, 1201 Hays Street, Tallahassee, FL, 32301-2525; that the parties hereto are citizens of diverse states and the matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. §1332.

3. That Plaintiff, Evangelina Fulks, alleges that on or about the April 9, 2010 at approximately 2:27 p.m., Julia Fulks was driving a 1995 Lexus SC400 vehicle which was proceeding west on State Highway 226, a public highway or road near Jonesboro, Arkansas. As the Fulks' vehicle crossed the railroad tracks, it was struck by a northbound CSX/UP locomotive and train operated by Michael D. Sample, a CSX/UP employee, acting within the course and scope of his employment. Further, Plaintiff would show that at all times the subject crossing and the tracks were leased, owned or maintained by Union Pacific Railroad Company. Further, Plaintiff would show that at all times Julia Fulks was exercising due care for her own safety when the collision occurred. As Fulks approached the intersection, she did not hear any warning signal, bell or whistle or observe any warning light flashing for the requisite twenty (20) seconds mandated by law and industry standard; that Plaintiff would further aver that this intersection was poorly maintained and had line-of-sight obstructions along the westerly approach to the Hwy. 226 grade crossing, did not have properly working signals at or along the roadway to warn or remind persons traveling from the east, of an approaching train; therefore, Plaintiff's decedent, Julia Fulks, had no warning or an inadequate warning of an approaching train as she approached said crossing. Vegetation growing in the southeast quadrant of this intersection, including old trees, was such as to restrict, limit and obscure the view of the train to a driver in a vehicle approaching the crossing at highway speeds from Plaintiffs' decedent's direction and such as to also obstruct the train engineer's view of such a driver, which obstructions included

trees, shrubs, saplings exceeding permissible height, and grasses within Defendants' right-of-way, some of which were decades-old and fifty-feet in height, in plain violation of Arkansas statutory and common law, and contrary to prevailing standards of prudence and caution in the railway and transportation industry.

4. That said collision was of such force and severity that the vehicle driven by Julia Fulks was destroyed, after having been pushed a distance of three tenths [.3] of a mile along the track following impact; that Julia Fulks was knocked about in the interior of said vehicle with great force and violence; that Julia Fulks suffered fatal injuries and experienced great fright, pain and mental anguish.

5. Plaintiff states that Defendants, Union Pacific Railroad Company and CSX Corporation, and their agents, servants and employees, under the doctrine of respondeat superior, and acting in concert, were jointly and severally guilty of and liable for the following acts and omissions amounting to common law negligence, viz.:

 a. Failure to devote their full time and attention to the operation of the train in question;

 b. Failure to maintain proper control of said train;

 c. Failure to maintain a proper lookout at all times;

 d. Failure to slow, brake or decelerate the train to avoid the imminent collision;

 e. Failure to give a proper whistle or warning signal or to adequately warn of approaching train;

 f. Failure to have adequate warnings or devices at the crossing, such as signs, gates and properly working flashing lights sufficient to address the safety needs of the motoring public;

 g. Failure to mark the crossing with sufficient information for reasonably safe passage;

 h. Failure to properly construct and design the crossing to allow safe passage;

i. Failure to use that degree of care and caution required for the safety of others under the prevailing circumstances;

j. Operating a train in an unlawful and careless manner and at an unsafe speed, considering the lack of safety at this crossing, a specific local hazard, thereby manifesting a willful or wanton disregard for the life and safety of others;

k. Failure to properly maintain its right-of-way and crossing and remove line-of-sight obstructions along their tracks and maintain the crossing properly;

l. Failure to meet or comply with the recommended practices or standards of the American Railway Engineering and Maintenance of Way Association and the Railroad-Highway Grade Crossing Handbook, U.S. Dept. of Transp., FHA, 1978; Manual of Uniform Traffic Control Devices for Streets and Highways, U.S. Dept. of Transp. F.H.A. 1988; AASHTO-A Policy on Geometric Design of Highways and Streets, 2001, by providing an inadequate sight-distance or triangle in the southeast quadrant of the crossing;

m. Failure to install, test, maintain, repair and operate the flashing lights at this crossing so that they were activated and operating for at least twenty (20) seconds prior to the train's locomotive entering the crossing in violation of state and federal law, industry standard and its own operating rules;

n. Failure to hire competent crew members to operate the train;

o. Carelessly retained the crew members after it knew or should have known of their dangerous proclivities;

p. Failure to properly supervise the crew's operations;

q. Failure to correct defects or lessen danger to the motoring public at the crossing when they knew or should have known the crossing is dangerous;

r. Failure to cooperate with the local road authority and further failed to provide information to local authorities necessary to lessen the risk;

s. Intentionally misrepresented the facts regarding crossing safety to the public, local road authorities and law enforcement officers;

t. Perpetuated a false belief that the railroad has no duty to provide safe and adequate crossings for motorists;

v. Failure to have an effective management plan or policy to encourage employees to notify the company of dangerous conditions;

    w.    Failure to establish a corporate policy to acknowledge its common-law duties to recognize dangerous crossing and to take actions to reduce or eliminate the dangers;

    x.    Failure to spend a reasonable amount of money to address individual hazards at the crossing and to create incentives to hold down the cost of addressing the safety needs;

    y.    Negligence; and,

    z.    Accuses engineer, Christopher K. Bueker, of negligence by failing to sound the horn and decelerate and failing to notify Union Pacific of unsafe conditions.

Plaintiff, Evangelina Fulks, alleges that Defendants' negligence was a proximate cause of the accident in question, the resulting personal injuries and wrongful death of Julia Fulks and all damages sustained by Plaintiff's decedent and Plaintiff (and others for whom suit is brought), as well as the other damages sought herein.

6.    Further, Plaintiff alleges that at the time of the accident in question, the following statutes of the State of Arkansas were in full force and effect, and were violated by the Defendants, Union Pacific Railroad Company and CSX Corporation, or either of them:

## STATUTES OF THE STATE OF ARKANSAS

7.    That, at the time of the accident, there were in force in the State of Arkansas the following statutes which were violated by Defendant, viz.:

(a)    A.C.A. §23-12-907(a)(1). <u>Lookout</u>. "It shall be the duty of all persons running trains...to keep a constant lookout for all persons...upon the track of any and all railroads;"

(b)    A.C.A. §23-12-201(a)(1) and (2). <u>Maintenance of Right-of-Way Free From Obstructions</u>. [Fifty feet (50') on each side of the railroad centerline and for a distance of one-hundred (100 yds.) yards on each side of the centerline from the public road];

(c)    A.C.A. §23-12-411(a). "Warning Boards Required at Crossings." Every railroad corporation shall cause boards to be placed, well-supported by posts or otherwise, and constantly maintained across each public road; and,

(d)    A.C.A. §23-12-410. Continuous Use of Bell or Whistle Required for One-Quarter of a Mile Approach to Public Road. [Hwy. 226 is a public road under this statute.]

That, for the foregoing defaults, Defendants are answerable in tort for all proximately caused harm to Plaintiffs' decedent.

8.    Plaintiff, Evangelina Fulks, avers that as a direct and proximate result of the aforesaid acts of common law and statutory negligence of Defendants, Union Pacific Railroad Company and CSX Railroad, Plaintiff's decedent, Julia Fulks, a healthy and active woman twenty-three (23) years of age, sustained severe, painful and fatal injuries, and Plaintiff seeks damages therefore from Defendants, including but not limited to the following:

a.    Severe and fatal injuries of Julia Fulks;

b.    Great physical pain and mental anguish of Julia Fulks;

c.    Medical and funeral expenses of Julia Fulks;

d.    All pecuniary losses due to her death;

e.    Any and all medical or emotional losses for the loss of society, comfort and companionship of the Plaintiff sustained by her family members; and,

f.    Loss-of-life damages as set by the jury.

9.    Plaintiff, Evangelina Fulks, avers that Julia Fulks was killed as the result of her injuries and has incurred funeral and burial expenses in excess of $10,290.13 and experienced pain and suffering; that loss-of-life damages are herewith sought as well as emotional damages for and on behalf of all beneficiaries or persons whom the Plaintiff represents in this matter; that

punitive damages are claimed by reason of the willful and wanton disregard of Defendant, Union Pacific, for the life and safety of Plaintiffs' decedent shown by its long and continued failure to maintain and repair its right-of-way despite previous accidents and/or near-misses at the subject crossing; failure to continuously sound a bell or whistle as the train approached the crossing of a public road; failure to flash its "automatic" lights at the crossing as required by law and applicable standard; failure to timely apply its brakes or to slow its speed so as to avert, warn against or mitigate the results of an impending accident; and its long-standing failure to remove sight-line obstructions that blocked 90% of the approaching driver's view of an oncoming train.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF demands a jury to try this cause and seeks Twenty Million Dollars ($20,000,000.00) for the following damages to Plaintiff for personal injuries and wrongful death, including any medical and funeral expenses, pecuniary losses, pain and suffering, mental anguish, loss of consortium, loss of life damages and punitive damages in the sum of Ten Million Dollars ($10,000,000.00) against Union Pacific.

Respectfully submitted,

_____
Mark Ledbetter  TN #017637  AR #74175
Halliburton & Ledbetter
254 Court Ave., Suite 305
Memphis, TN 38103
(901) 523-8153

_____
David Hill  TN# 019426  AR #2003194
Nahon, Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, TN 38117
(901) 683-7000

Attorneys for Plaintiff

7

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS,
WESTERN DISTRICT
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF

JULIA MARIE FULKS, Deceased.          No. PR – 2010 - 342  (LB)

## LETTERS OF ADMINISTRATION

**BE IT KNOWN:**

**THAT** Evangelina Fulks, whose address is 9119 Harrison St., Batesville, AR. 72501, having been duly appointed the Personal Representative and Special Administratrix of the estate of Julia Marie Fulks, deceased, who died on April 9, 2010, having qualified as such Personal Representative and Special Administratrix, is hereby authorized to act as such Personal Representative and Special Administratrix for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED this 5TH day of October, 2010.

Nancy Nelms, County and Probate Court Clerk

By: _____
Deputy Clerk

FILED
OCT 05 2010
NANCY NELMS
COUNTY & PROBATE COURT CLERK