IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EVANGELINA FULKS, Administratrix                                                    PLAINTIFF
of the Estate of Julia Fulks

v.                                      No. 3:10CV00310 JLH

UNION PACIFIC RAILROAD COMPANY                                                      DEFENDANT

**OPINION AND ORDER**

Evangelina Fulks, Administratrix of the Estate of Julia Fulks, has filed a motion to dismiss this action without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Union Pacific Railroad Company has filed a response, objecting to the motion to dismiss.

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper. In ruling on a motion under this provision, the Eighth Circuit has said that this rule "is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). In considering such a motion, the court should consider the following factors:

>   (1) the defendant's effort and the expense involved in preparing for trial,
>
>   (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,
>
>   (3) insufficient explanation of the need to take a dismissal, and
>
>   (4) the fact that a motion for summary judgment has been filed by the defendant.

*Id*. at 783.

As to the first factor, it is apparent that Union Pacific has gone into substantial effort and expense in preparing for trial, which is scheduled for the week of February 27, 2012. With respect to the second factor, the parties disagree as to whether Fulks has been diligent in prosecuting her

case. Although Fulks has not taken depositions, Fulks' lawyer has described the effort to which he and his client have gone to prepare for trial, and the Court accepts those representations as truthful representations made by an officer of the Court. Accepting those representations as true, despite the lack of depositions, the Court does not believe that there has been "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action[.]" *Id*.

As to the reason for the dismissal, Fulks has explained that she had two eyewitnesses that would have supported her claims but who are no longer available to her. One of those witnesses would have testified that the decedent's view of the oncoming train was blocked by trees, that the train's whistle only blew shortly before impact, and that the automatic lights at the crossing were not activated for the full twenty seconds prior to the accident. That witness, however, now suffers from dementia and is not available to testify. Another eyewitness, according to the plaintiff, had seen near-misses at the grade crossing track and did not believe that the lights or train whistle were activated properly and continuously before the accident. Fulks and her lawyer have worked diligently to find this witness but cannot do so. Thus, Fulks is missing two eyewitnesses who are important to her case. The Court finds that this is an adequate explanation of her need for a voluntary dismissal.

The final consideration has to do with whether a motion for summary judgment has been filed by the defendant. Here, Union Pacific filed a motion for partial summary judgment on July 12, 2011, arguing that plaintiff's claim that the warning devices were inadequate is preempted by federal law. According to Fulks' response, her lawyer had informed Union Pacific before that motion was filed that the plaintiff intended to dismiss this action voluntarily. When the motion for partial summary judgment was filed, however, Fulks' lawyer recognized that dismissing the action while the summary judgment motion was pending would be improper, so he waited until the Court ruled

on that motion before filing the motion to dismiss this action without prejudice. Union Pacific notes that the Court ruled in its favor on the motion for partial summary judgment and argues that a voluntary dismissal would be inappropriate because it would enable the plaintiff to avoid the binding effect of that ruling. Fulks says that she is willing to stipulate that her claims that different or additional warning devices should have been installed at the crossing in question are preempted by federal law. Because she made that stipulation in order to obtain a dismissal without prejudice, Fulks will be estopped from arguing to the contrary in the future. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Moreover, the court can direct entry of a final judgment on those claims pursuant to Rule 54(b), so the ruling in Union Pacific's favor will become final and binding despite a dismissal without prejudice as to Fulks' remaining claims.

In summary, the Court finds that Union Pacific has expended considerable effort and expense in preparing for trial; that there has been no excessive delay or lack of diligence on the part of the plaintiff in prosecuting the case; that the plaintiff has provided a sufficient explanation for the need to take a dismissal; that no motion for summary judgment is currently pending; and that Union Pacific will not be prejudiced by the dismissal after the previous partial summary judgment because the plaintiff has agreed to be bound by the results of that partial summary judgment. Accordingly, the motion to dismiss without prejudice will be granted, except that the Court will direct the entry of a final judgment as to the partial summary judgment granted on November 9, 2011.

IT IS SO ORDERED this 15th day of December, 2011.

J. LEON HOLMES  
UNITED STATES DISTRICT JUDGE